UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARTHA BRILEY, ET AL.** | : | **CIVIL ACTION NO. 10-CV-1350** |
| **V.** | : | **JUDGE MINALDI** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Remand [doc. 13], filed by plaintiffs Martha and Tim Briley.  This motion is opposed by the defendant, State Farm Mutual Automobile Insurance Company (State Farm).  Doc. 15.

For the reasons set forth herein, plaintiff's motion is **DENIED**.

*Background*

The issue presented by plaintiffs' motion is whether the amount in controversy requirement set forth in 28 U.S.C. § 1332 has been satisfied.  *See* doc. 13, p.1.

This case involves a dispute over the disbursement of insurance money stemming from an automobile accident that occurred in the State of Texas on August 31, 2008.  Doc. 1, p. 2.  The Brileys have sued the adverse driver, Agnes Boyd, in Texas State court.[1]  Doc. 15, att. 1.  At the time of the accident, Agnes Boyd had in force an insurance policy providing $50,000 per person liability limits.  Doc. 15, att. 2.  Further, at the time of the accident, the Brileys had in

---

[1] Other than being the result of the same incident, the suit against Agnes Boyd in Texas, and the instant case are not related.

-1-

force an uninsured/underinsured motorist (UM) insurance policy with State Farm which provided $50,000 in benefits. *Id.* Because the Brileys allege damages beyond $50,000, they argue that Agnes Boyd is an underinsured motorist and that their State Farm policy should be dispersed to them. Doc. 1, att. 2. The instant suit followed. *Id.*

On August 26, 2010, State Farm removed this case from the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. Doc. 1. To satisfy the "amount in controversy" jurisdictional requirement set by 28 U.S.C. § 1332, State Farm suggests that the amount in controversy is not only the $50,000 allegedly due under the Brileys' UM policy, but also the $50,000 allegedly due under Agnes Boyd's liability policy. Doc. 1, p. 2-3. Because the $50,000 due under the UM policy would only be implicated if it is first established that Agnes Boyd's $50,000 is insufficient to satisfy the Brileys' damages, State Farm argues that the "amount in controversy" is $100,000. *Id.* In other words, for the Brileys to recover the $50,000 under the UM policy with State Farm, they must establish that they have suffered $100,000 in damages. Therefore, State Farm argues that the amount in controversy is not the amount due under the policy at issue, but the total damage allegedly suffered by the Brileys: $100,000. *Id.*

Exactly one year later, the Brileys filed a motion to remand. Doc. 13. In the supporting memorandum, the Brileys argue that State Farm has incorrectly calculated the amount in controversy; stating, "the law is clear that in an action by an insured against her own [UM] policy, where damages exceed the policy limits, the amount in controversy is the policy limit. Here, the policy limits are only $50,000, and, therefore, the amount in controversy does not exceed the jurisdictional minimum." Doc. 13, att. 1, p. 2.

The Brileys' Motion to Remand is now before the court.

*Law and Analysis*

Federal Courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only that power authorized by Constitution and statute. *Id.* Congress has bestowed original jurisdiction in federal district courts for all civil matters where the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332. Civil actions that are filed in state court may be removed to federal court, by a defendant, if the conditions set forth in section 1332 are met. *See* 28 U.S.C. § 1441.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). When the plaintiff has alleged a specific sum of damages in its petition, usually that amount controls, if made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Allen*, 63 F.3d at 1335.

In the present case, it is clear from the state court petition that the Brileys seek $50,000 under the UM policy they had with State Farm. Doc. 1, att. 2, p. 16. In their motion to remand, the Brileys argue that in suits against insurers, policy limits set the amount in controversy. Doc. 13, att. 1, p. 3. Further, since $50,000 is the policy limit of the UM policy the Brileys had with State Farm, $50,000 is the amount in controversy and this court lacks jurisdiction. *Id*. For support, the Brileys cite *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.2d 63 (5th Cir. 1959), and *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908 (5th Cir. 2002).

In *Payne*, the court held tha,t in an action exclusively against a liability insurer, the amount in controversy is the limit of the insurance policy. *Payne*, 266 F.2d at 65 (citing *Carnes*

*& Co. v. Employers' Liab. Assurance Corp.*, 101 F.2d 739 (5th Cir. 1939)).  Furthermore, because the limit of the insurance policy at issue was below the jurisdictional requirement, the *Payne* court found that it was a legal certainty that the claim fell below the amount required for federal jurisdiction, and affirmed the judgment of the district court remanding the case.[2]  *Id.*

Similarly, the *Lou-Con* court recognized that the policy limits of an insurance contract will set the "amount in controversy," in situations where a claimant asserts damages beyond the policy limits.  *Lou-Con*, 293 F.3d at 911.  Therefore, the Brileys conclude that because the limit of the policy at issue in this case is $50,000; $50,000 is the "amount in controversy" for jurisdictional purposes and this court does not have jurisdiction under 28 U.S.C. § 1332.  Doc. 13, att. 1, p. 5.

State Farm opposes a remand of this case and suggests the amount in controversy should be determined in a different fashion.  Doc. 15.  First, State Farm argues that *Payne* and *Carnes* do not address, and are not dispositive of, the specific legal issue before the court.  *Id.* at 2.  State Farm points out that those cases are direct actions against liability insurers.  *Id.*  It is suggested that this fact distinguishes these cases from the instant one because in direct actions against liability insurers the only amount to be proven is the sum allegedly due under the policy.  Doc. 15, p. 2-3.

Conversely, in a suit against a UM insurer, it must first be shown that an award against the underinsured motorist was insufficient to compensate the complainant.  *See id.* at 4.  Only then is a UM policy implicated.  *Id.*  In other words,

> the proof of damages going through the underlying liability policy and into (and conceptually through) the UM policy limits is

---

[2] The Brileys also offer seven federal district court cases which follow *Payne*.  *See* doc. 13, att., p. 5.  All of the cases stem from Hurricane Katrina and are direct suits against property insurers.  *See, e.g., Mouton v. Balboa Ins. Co.*, 2010 WL 2854420 (E.D. La. 2010); *Duvernay v. American Sec. Ins. Co.*, 2010 WL 2674588 (E.D. La. 2010); *Minor v. American Sec. Ins. Co.*, 2010 WL 2680576 (E.D. La. 2010).

> indispensible to the claim . . . under the State Farm policy and UM law, no amount will be due until a trier of fact awards more than $50,000.00. In order to recover the full $50,000.00 UM policy limits plaintiff must prove 'the value of the claim' to be $100,000.00.

*Id.*

Next, State Farm argues that the court's decision in *Lou-Con* supports their position in this matter. *Id.* at 3. *Lou-Con* was a declaratory judgment action filed by a liability insurer in which the Fifth Circuit held that the amount in controversy was the value of the insured's claim rather than the policy limits. *Lou-Con*, 293 F.3d at 911. In doing so the court stated,

> [w]e recognize that under certain circumstances the policy limits will establish the amount in controversy. Specifically, the policy limits are controlling 'in a declaratory action . . . as to the validity of the entire contract between the parties' . . . However, in declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, 'the jurisdictional amount in controversy is measured by the value of the underlying claim- not the face amount of the policy.'

*Id.* (citing CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D § 3710 (3d ed. 1998)). State Farm parallels the present case to the latter scenario discussed by the court in *Lou-Con*. *See* doc. 15, p. 3-4.

This court agrees with State Farm's analysis. This is not a case where the limits of the insurance policy define the amount in controversy. The Brileys seek damages from State Farm for its failure to payout under the UM policy at issue. The amount of money the Brileys seek from State Farm is $50,000. To win in this case, the Brileys *must* show that the $50,000 they will potentially receive from the adverse driver is insufficient to satisfy their damages *and* that they suffered injuries sufficient to warrant distribution of an additional $50,000 from State Farm. Clearly, the Brileys underlying claim is $100,000.

Also, it is clear that the issue during trial will be whether or not the Brileys suffered $100,000 in damages. Therefore, this court finds that the amount in controversy is $100,000, and that the requirements of 28 U.S.C. § 1332 have been satisfied.

### *Conclusion*

For the reasons above, the Brileys' Motion to Remand [doc. 13] is hereby **DENIED**.

THUS DONE this 23rd day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE